```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

JIMMIE POWELL,

       Plaintiff,

v.                                  Case No: 2:17-cv-331-FtM-99MRM

STATE OF FLORIDA, FLORIDA
DEPARTENT OF CORRECTIONS,
GEO GROUP, and MOORE HAVEN
CORRECTIONAL FACILITY,

       Defendants.
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon Plaintiff's complaint (Doc. 1) in which he alleges that he is being unconstitutionally held by the Florida Department of Corrections and seeks both release from incarceration and damages pursuant to 42 U.S.C. § 1983. Because Plaintiff seeks leave to proceed *in forma pauperis* (Doc. 4), the Court must review his complaint pursuant to the provisions of 28 U.S.C. § 1915(e).

Upon review of Plaintiff's complaint and attachments and the applicable law, Plaintiff's case is dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii).

## I.   Complaint

Plaintiff asserts that he is being illegally held in the custody of the Florida Department of Corrections (Doc. 1).

Specifically, he urges that he was sentenced by the State of Florida to fifteen years in prison and that his term expired on June 18, 2017. Id. at 4. He argues that he "does not challenge the sentence and judgment imposed, which was based upon a negotiated plea agreement." Id. at 2. Rather, he urges that the Florida Department of Corrections has incorrectly calculated his end-of-sentence date as October 5, 2017. Id. at 3.

Plaintiff asks this Court to force the Department of Corrections to verify that his end-of-sentence date is June 18, 2017 and to award $137 per day and punitive damages for each day after June 18, 2017 spent in prison (Doc. 1 at 4).

## II.  **Legal Standards**

A federal district court is required to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A)  the allegation of poverty is untrue; or
> >
> > (B)  the action or appeal–
> >
> > > (i)  is frivolous or malicious;

    (ii)  fails to state a claim on which relief may be granted; or

    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

  A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. <u>Id.</u> at 327. In making the above determinations, all factual allegations in the complaint must be viewed as true. <u>Brown v. Johnson</u>, 387 F.3d 1344, 1347 (11th Cir. 2004).

  In the case of a pro se action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980). Nevertheless, pro se litigants are not exempt from complying with the requirements of the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989) (stating that pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

**III. Analysis**

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. To articulate a claim under § 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Plaintiff does not identify the specific rights secured under the Constitution or federal law that he believes have been violated. Therefore, the Court will construe his complaint as raising a violation of the Due Process Clause of the Fourteenth Amendment as a result of the allegedly incorrect sentence. However, the complaint fails to state a valid due process claim for the following reasons.

    **a. A prisoner cannot seek release from confinement under 42 U.S.C. § 1983**

Plaintiff asks this Court to compel the defendants to recalculate his sentence and, presumably, release him. However, "if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action." Boyd v. Warden, Holman

Correctional Facility, 856 F.3d 853, 865 (11th Cir. 2017) (citing and quoting Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006)); see also Presier v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment [under § 1983], and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.")).

    **b.   Petitioner's claims for monetary damages are barred by Heck v. Humphrey**

As noted, Plaintiff's request for release attacks the fundamental legality of his sentence, and therefore, provides no basis for relief in a § 1983 action. Plaintiff fares no better in his request for monetary damages. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486–87.  Under Heck, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.  The purpose of the "favorable termination" requirement under Heck is to "limit the opportunities for collateral attack on state court convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues."  Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

Because Plaintiff challenges the constitutionality of his period of incarceration, a judgment in his favor would necessarily imply the invalidity of his incarceration.  It is clear from the face of the complaint that the sentence and resulting confinement about which Plaintiff complains have not been invalidated in an appropriate proceeding.  Thus, Plaintiff's claims are not cognizable under 42 U.S.C. § 1983.  See, e.g., Christy v. Sheriff of Palm Beach Cnty., Fla., 288 F. App'x 658, 666 (11th Cir. 2008) (holding that the district court was correct to dismiss claims under Heck because if plaintiff prevailed on the claims, it would necessarily imply the invalidity of his conviction).

Because Plaintiff's sentence has not been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas

- 6 -

corpus[,]" his claims are barred by Heck, and his complaint is therefore due to be dismissed. 512 U.S. at 483-89.

### c. Plaintiff is not being held past the expiration of his sentence

Finally, the Court will not construe Plaintiff's complaint as a 28 U.S.C. § 2254 petition for writ of habeas corpus, because doing so would be futile. Plaintiff attached his plea agreement and judgment to his complaint and references them in the body of his complaint (Doc. 1-1). On December 17, 2003, Plaintiff signed a negotiated plea agreement requiring him to spend fifteen years in prison with credit for 433 days served in jail. Id. at 1-2. In his judgment, it is noted that, as a prison releasee reoffender, Plaintiff is required to serve one hundred percent of his sentence. Id. at 5. The judgment also provided Plaintiff 434 days' credit (as opposed to the 433 days in the plea agreement) for the time Plaintiff spent incarcerated before imposition of his sentence.

Accordingly, Plaintiff's sentence is scheduled to run until December 17, 2018, minus 434 days, providing a release date of October 9, 2017. That Plaintiff now believes he should have been awarded (or negotiated) additional jail credit at sentencing is an issue that he was require to timely raise on habeas corpus review. See discussion supra. Plaintiff already filed a 28 U.S.C. § 2254 petition in the Northern District of Florida in 2008, and the petition was summarily dismissed as untimely filed. See Case NDFL

Case No. 4:08-cv-532-MP-WCS.  Any new § 2254 petition would suffer from the same defect—rendering futile any attempt for Petitioner to litigate this issue a second time.  <u>See</u> Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]").

## IV. Conclusion

Plaintiff cannot receive the relief he seeks in a 42 U.S.C. § 1983 action.  Moreover, Plaintiff's sentence has not been overturned, and as a result, his <u>Heck</u>-barred claims are subject to dismissal.  The Court will not construe the instant petition as a 28 U.S.C. § 2254 petition for writ of habeas corpus because doing so would not provide any relief.  With no remaining claims, the **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment in favor of the defendants.

**DONE** and **ORDERED** in Fort Myers, Florida on this __19th__ day of July, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Jimmie Powell